## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:26-cv-1221 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DON VALE INC., JOSUE NAVARRO | ) | |
| REQUENA, and GERALDO NAVARRO | ) | |
| REQUENA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, the United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General, brings this action to compel Don Vale Inc., ("***Don Vale***"), and its officers, Josue Navarro Requena ("***Josue Requena***") and Geraldo Navarro Requena ("***Geraldo Requena***") (collectively the "***Defendants***"), to timely withhold, collect, and pay over the corporation's accruing federal tax liabilities to the Internal Revenue Service and enjoin them from further violating and interfering with the administration of the internal revenue laws. In support of this action, the United States alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action pursuant to 26 U.S.C. §§ 7401 and 7402(a) and 28 U.S.C. §§ 1331, 1340, and 1345.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 119, 1391, and 1396 because Don Vale maintains its principal place of business in the municipality of San Juan, Puerto Rico, and transacts business there, Josue Requena and Geraldo Requena both reside in

1

the municipality of Caguas, Puerto Rico, and a substantial portion of the events giving rise to this action occurred within this judicial district.

## PARTIES

3. Plaintiff is the United States of America.

4. Don Vale is a corporation located at Urb. Roosevelt 464 Calle Jose Canals San Juan, PR 00918 operating a restaurant. Don Vale is responsible for paying the wages and salaries of its employees; for withholding, collecting, and paying over to the Internal Revenue Service the federal employment taxes and unemployment taxes associated with those wages and salaries; for the periodic depositing of those employment and unemployment taxes in a federal deposit bank; and for filing federal employment and unemployment tax returns associated with those wages and salaries.

5. Defendant Josue Requena owns and operates Don Vale as its President. At all times relevant to this action, Josue Requena was responsible for the operation of Don Vale. Josue Requena resides at Urb. Valle San Luis F29 Via de la Montana, Caguas, PR 00725.

6. Defendant Geraldo Requena owns and operates Don Vale as its Vice President. At all times relevant to this action, Geraldo Requena was responsible for the operation of Don Vale.  Geraldo Requena resides at 316 Lanzarote (Avila) St. Ciudad Jardin II, Caguas, PR, 00725.

## FACTUAL ALLEGATIONS

7. Don Vale is a restaurant operating in Puerto Rico.

8. At all times relevant to this action, Don Vale has had employees to whom it pays wages. As an employer, Don Vale has been subject to the payroll tax obligations imposed by federal law, including the duties to:

2

a. Withhold its employees' federal income and Federal Insurance Contributions Act ("FICA") taxes, hold those withheld taxes in trust for the United States, and pay them over to the IRS, along with the employer's own FICA and Federal Unemployment Tax Act ("FUTA") taxes, *see* 26 U.S.C. §§ 3102, 3111, 3301, 3402, 7501;

b. Make periodic deposits of the withheld federal income and employment taxes, as well as its share of employment and unemployment taxes, in an appropriate federal depository bank in accordance with applicable Treasury regulations, *see* 26 U.S.C. §§ 6157, 6302; 26 C.F.R. § 31.6302-1; and

c. File with the IRS its Employer's Quarterly Federal Tax Returns (IRS Form 941) to report the income and FICA taxes withheld from its employees' wages and its own share of FICA taxes and annual Employer's Federal Unemployment (FUTA) Tax Returns (IRS Form 940) to report its FUTA taxes, *see* 26 U.S.C. §§ 6011, 6071(a); 26 C.F.R. § 31.6071(a)-1.

9. For various tax periods from March 31, 2022 to the present, Don Vale has failed to comply with its federal employment tax obligations described above and has engaged in an activity known as "pyramiding," where a business repeatedly withholds taxes from its employees' wages but fails to remit those taxes to the IRS as mandated by law, resulting in an ever-increasing, unpaid, employment tax liability.

10. As a result of this failure, Don Vale owes substantial sums to the United States as set forth in the following paragraph.

11. A delegate of the Secretary of the Treasury timely and properly made the following tax assessments against Don Vale for unpaid federal employment and unemployment taxes (Form 940 and 941 respectively):

| Form | Period | Assessment Date | Assessment Amount | Unpaid Balance as of 03/19/2026 |
|---|---|---|---|---|
| 941 | 3/31/2022 | 10/17/2022 | 10,120.40 | 4,103.75 |
| 941 | 6/30/2022 | 12/19/2022 | 10,859.29 | 9,224.61 |
| 941 | 09/30/2022 | 02/06/2023 | 15,114.15 | 25,966.62 |
| 941 | 12/31/2022 | 04/03/2023 | 17,271.54 | 19,631.45 |
| 941 | 3/31/2023 | 06/08/2023 | 14,769.93 | 5,808.65 |
| 941 | 6/30/2023 | 9/18/2023 | 15,693.28 | 27,016.33 |
| 941 | 9/30/2023 | 01/01/2024 | 19,668.09 | 32,066.83 |
| 941 | 12/31/2023 | 03/18/2024 | 24,904.82 | 39,724.46 |
| 941 | 3/31/2024 | 07/01/2024 | 22,531.72 | 34,596.74 |
| 941 | 6/30/2024 | 09/23/2024 | 43,905.51 | 60,383.43 |
| 941 | 9/30/2024 | 12/16/2024 | 45,519.79 | 59,432.34 |
| 941 | 12/31/2024 | 03/17/2025 | 34,549.15 | 43,457.35 |
| 940 | 2022 | 04/10/2023 | 1,325.55 | 11,314.17 |
| 940 | 2024 | 03/24/2025 | 1,435.20 | 1,778.34 |
| | | | **Total:** | **$374,505.07** |

12. Since 2023, the United States has attempted to bring Defendants into compliance with its unemployment and employment tax obligations and to collect past-due tax liabilities from the company. These efforts have included the following:

4

a. The IRS conducted multiple meetings with Taxpayers' power of attorney about bringing Don Vale into compliance with its employment tax obligations.

b. An IRS Revenue Officer attempted to speak with the taxpayers on multiple occasions about these tax obligations.

c. Issuing multiple levies on bank accounts.

d. Recording Notices of Federal Tax Lien against Don Vale in San Juan, Puerto Rico for its unpaid tax liabilities.

e. An IRS Revenue Officer attempting to set up a meeting to serve IRS Letter 903 ("You Haven't Deposited Federal Employment Taxes") to Defendants, but was unsuccessful, and subsequently sent IRS Letter 903 via certified mail.

13. Despite the Service's collection and compliance efforts, Don Vale continues to incur employment tax liabilities with each passing quarter, and the company has failed to demonstrate a willingness to comply with its unemployment and employment tax obligations under the Internal Revenue Code. There is no evidence that Defendants will make the necessary effort to bring Don Vale into compliance with its unemployment and employment tax obligations absent a court order compelling them to do so.

14. Don Vale's malfeasance continues. It has not filed its quarterly Form 941 for the four quarters of 2025 or the first quarter of 2026. It also has not filed its Form 940 for 2025.

15. Don Vale's owners have created other entities that have accrued additional taxes only to close without paying their federal obligations.

16. Metropolitan Industrial Food Service Inc.is a food distributor created to distribute food on behalf of Don Vale. Josue Requena is the President of Nugen Group Inc. and Geraldo Requena is Vice President of Metropolitan Industrial Food Service Inc. The IRS assessed

Trust Fund Recovery penalties against Metropolitan Industrial Food Service Inc. and its president and vice president. Metropolitan Industrial Food Service Inc. closed as defunct in 2023 with a balance due to the IRS of $197,961.56.

17. Nugen Group Inc. is a food distributor created to distribute food on behalf of Don Vale. Josue Requena is the President of Nugen Group Inc. and Geraldo Requena is Vice President of Nugen Group Inc. The IRS assessed Trust Fund Recovery penalties against Nugen Group, Inc., and its president and vice president. Nugen Group Inc. filed for Chapter 11 bankruptcy in January 2025 with a balance due to the IRS of $2,113,535.13. This case was dismissed in October 2025, with no payments to the IRS.

18. Don Vale's owners continue to make new entities for which they may or may not pay the required federal tax deposits.

19. Virtual Grapevine Store, LLC is an e-commerce company registered in January 2023 whose sole resident agent, and president of the company, is Josue Requena.

20. Virtual Grapevine, LLC is an e-commerce company registered in January 2025 whose sole resident agent, and president of the company, is Josue Requena's wife Abigail Tiru Sanchez.

### COUNT I – INJUNCTION PURSUANT TO 26 U.S.C. § 7402(A)

21. The United States incorporates by reference the allegations set forth in paragraphs 1 through 20 above.

22. The United States seeks an injunction against Don Vale, Josue Requena, and Geraldo Requena pursuant to 26 U.S.C. § 7402(a), which authorizes this Court to issue orders of injunction "as may be necessary or appropriate for the enforcement of the internal revenue

laws." The remedies available to the United States under that statute "are in addition to and not exclusive of any and all other remedies." 26 U.S.C. § 7402(a).

23. An injunction by this Court ordering Don Vale, Josue Requena, and Geraldo Requena to comply with Don Vale's federal tax obligations is necessary and appropriate to enforce the internal revenue laws and to prevent continued violations of those laws.

24. Don Vale, Josue Requena, and Geraldo Requena have substantially interfered with (and continue to interfere with) the internal revenue laws, by failing to make employment tax deposits in full on a timely basis, failing to pay unemployment tax in full on a timely basis, and failing to file employment and unemployment tax returns on a timely basis.

25. The United States has suffered and continues to suffer irreparable harm as a result of the Defendants' interference with federal tax administration and violation of federal tax statutes, including, but not limited to, the following:

   a. loss of the employer portion of the tax due under FICA.

   b. loss of the employee portion of the tax due under FICA, for which the employees have received credit from the Social Security Administration.

   c. loss of the estimated income tax withheld from employee wages, for which these employees have received credit from the Internal Revenue Service.

   d. loss of unemployment tax.

   e. the drain on IRS resources resulting from its continuing efforts to bring Don Vale, Josue Requena, and Geraldo Requena into compliance with their unemployment and employment tax obligations.

26. An injunction, backed by the threat of coercive judicial sanctions for noncompliance, will compel the Defendants to comply with the tax laws by timely filing Don Vale's Forms 940

and 941 returns and timely paying the unemployment and employment taxes in full for both corporations. An injunction will not injure Don Vale, Josue Requena, and Geraldo Requena because it will merely compel them to conduct business like every other tax-paying employer in the United States.

27. An injunction will serve the public good. The federal tax system relies on employers to collect and remit to the United States the federal employment taxes they owe. Defendants' failure to make employment tax deposits and to pay over unemployment and employment taxes undermines this system of tax collection. By using the unpaid taxes for their own purposes, Defendants are exacting an involuntary subsidy from United States taxpayers and are also giving their businesses an unfair advantage over their law-abiding competitors who comply with their federal tax obligations.

28. Despite repeated attempts over many years, the IRS has been unable to stop Defendants from pyramiding employment tax liabilities and accumulating unemployment tax liabilities. Based on asset searches conducted by the Service, a money judgment for the Defendants' existing unemployment and employment tax liabilities would be largely uncollectable, as a practical matter. Moreover, a money judgment does not prohibit Defendants from accruing new unemployment and employment-tax liabilities. Consequently, an injunction is appropriate in this case because the United States lacks an adequate remedy at law to prevent continued pyramiding of employment taxes and the continued accumulation of unemployment tax liabilities by Defendants.

**WHEREFORE**, the United States respectfully requests a judgment as follows:

A.     Finding that Don Vale, Josue Requena, and Geraldo Requena have engaged in (and are engaging in) conduct that interferes with the enforcement of the internal revenue laws.

B.    Finding that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent Don Vale, Josue Requena, and Geraldo Requena from interfering with the enforcement of the internal revenue laws.

C.    Entering an injunction, pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, ordering that Don Vale, Josue Requena, and Geraldo Requena:

1.    Withhold from each employee's paycheck an appropriate amount for each employee's income tax and each employee's liability for FICA tax.

2.    Deposit employees' withheld income taxes, withheld employee FICA taxes, and the employer's share of FICA taxes in an appropriate federal depository bank in accordance with federal deposit regulations.

3.    Deposit FUTA taxes each quarter in an appropriate federal depository bank in accordance with federal deposit regulations.

4.    Sign and deliver to the Internal Revenue Service at 48 Carr 165, Suite 2000, Guaynabo PR 00968-8000, attn Estefania Diaz, or such other location as the Service may deem appropriate, no later than the 20th day of each month, an affidavit stating that the required unemployment and employment taxes were fully and timely deposited for each pay period during the prior month.

5.    Timely file all future federal employment tax returns (Form 941) and unemployment tax returns (Form 940) of Don Vale that come due after the date of the injunction and provide a copy of each filed return to a designated IRS revenue officer in such manner as the IRS deems appropriate, within ten days of filing.

6.    Timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order.

9

7. Be prohibited after the date of the injunction from assigning any property or making any disbursements until all income taxes and FICA taxes required to be withheld from employees' wages (together with the employer's liability for FICA taxes and FUTA taxes) are in fact paid to the Service

8. Be prohibited from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Don Vale's employees, except for a payroll services provider approved in advance by counsel for the United States.

9. Permit a representative from the Internal Revenue Service to inspect Don Vale's books and records periodically, with at least two business days' notice before each inspection.

10. Notify the IRS of any future employment tax conduct with respect to any new or presently unknown company that Josue Requena and/or Geraldo Requena may become involved with, including notifying the IRS or a designated IRS revenue officer, in writing, of any new business that he may come to own, manage, or work for during the five-year period following the date the injunction is entered. Regardless of such notification, the preceding subparagraphs of this paragraph C shall apply to any employer entity controlled by Josue Requena and/or Geraldo Requena.

D. Requiring Don Vale, Josue Requena, and Geraldo Requena to deliver to all of their current employees a copy of the Court's findings and judgment in this action within 30 days after entry of the judgment.

E.      Retaining jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance.

F.      Granting the United States such other and further relief as the Court deems just and proper, including costs and attorney fees.

Dated: April 13, 2026                              Respectfully submitted,

                                                   BRETT A. SHUMATE
                                                   Assistant Attorney General

                                                   JOSHUA WU
                                                   Deputy Assistant Attorney General, Tax Litigation
                                                   Branch

                                                   By: */s/ Joshua D. Zimberg*
                                                   JOSHUA D. ZIMBERG
                                                   Trial Attorney
                                                   Tax Litigation Branch
                                                   Civil Division, Department of Justice
                                                   P.O. Box 227, Ben Franklin Station
                                                   Washington, D.C. 20044
                                                   (p) 202-598-3739
                                                   (f) 202-514-6866
                                                   (e) Joshua.D.Zimberg@usdoj.gov
                                                   *Counsel for the United States of America*